UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case #09-81248-CIV-RYSKAMP/VITUNAC

Paula Cano, et al.,

    Plaintiffs,

vs.

South Florida Donuts, Inc.,

    Defendant.

_____/

### ORDER GRANTING MOTIONS TO STRIKE AFFIRMATIVE DEFENSES

THIS CAUSE comes before the Court pursuant to Plaintiffs' Motion to Strike Affirmative Defenses of Defendant South Florida Donuts, Inc. ("SFD"), filed October 28, 2009 **[DE 16]** and Plaintiffs' Motion to Strike Affirmative Defenses of Defendant Joseph Sousa ("Sousa"), filed October 28, 2009 **[DE 17]**.  Defendants responded on November 16, 2009 **[DE 20]**.  Plaintiffs replied on November 20, 2009 **[DE 21]**.  These motions are ripe for adjudication.

This is an action to recover unpaid overtime wages on behalf of Plaintiffs Cano and Maldonado under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), and for the recovery of damages and penalties on behalf of Plaintiff Cano under the Equal Pay Act, 29 U.S.C. §206.

Rule 12(f) states that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R.Civ.P. 12(f).  "The Court has broad discretion in considering a motion to strike under [Fed.R.Civ.P. 12(f)]."  See Williams v. Eckerd Family Youth Alternative*, 908 F.Supp. 908, 910 (M.D. Fla.1995).  "[A] defense will be stricken if it is insufficient as a matter of law." Morrison v. Executive Aircraft

2

Refinishing, Inc., 434 F.Supp.2d 1314, 1318 (S.D. Fla., 2005) (citation omitted).  "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law."  See Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F.Supp. 992, 1000 (M.D.Fla.1976) (citations omitted).

Affirmative defenses must comply with the pleading requirements of Fed.R.Civ.P. 8(a), that is, contain "a short and plain statement" of the asserted defense.  "The defendant must allege some additional facts supporting the affirmative defense."  Boldstar Technical, LLC v. Home Depot, Inc., 517 F.Supp.2d 1283, 1291 (S.D. Fla. 2007).

SFD filed its Answer and asserted thirty-one (31) Affirmative Defenses to the complaint. Plaintiffs move to strike several of these defenses.

**1.      Blanket Objection**

Courts do not tolerate shotgun pleading of affirmative defenses and strike vague and ambiguous defenses that do not address any particular count, allegation or legal basis of a complaint.  See Byrne v. Nezhat, 261 F.3d 1075, 1128-29 (11th Cir.2001); Anderson v. Dist. Bd. of Trustees of Central Fla. Comm. Coll., 77 F.3d 364, 367 (11th Cir.1996).  Each of SFD's thirty-one affirmative defenses, with the exceptions of numbers 9-18, 21-23 and 26, and each of Sousa's affirmative defenses, save 10-18 and 20-25, fails to identify which count of the two-count complaint it is being asserted against, leaving Plaintiffs unable to determine which of the affirmative defenses are being asserted as to which count.  These defenses are therefore stricken. Defendants shall have leave to amend these defenses, however, to identify the count to which each defense responds.

**2.      SFD's and Sousa's First Affirmative Defense**

Defendants' first affirmative defense states: "Defendant asserts that Plaintiff failed to allege all of the necessary elements for the counts as set forth in the Complaint.  Accordingly, the complaint should be dismissed for failure to state a claim upon which relief can be granted." (Ans. ¶ 55.)

This defense merely states that Plaintiffs have failed to allege all the necessary elements of an unspecified claim.  This conclusory statement is stricken for failure to identify the count or elements that allegedly remain incomplete.  Defendants may have leave to amend this affirmative defense to state the specific counts and/or elements that form the basis for this defense.

**3.      SFD's and Sousa's Fourth Affirmative Defense**

Defendants' Fourth Affirmative states: "Plaintiffs claims are barred by waiver/and/or estoppel (collateral or otherwise) as Plaintiffs were paid consistent with their hours worked." (Ans. ¶ 58.)

"The only type of equitable estoppel defense recognized by courts is the 'Good Faith Defense' of the Portal to Portal Act of 1947, 29 U.S.C. § 259, which protects an employer from FLSA liability if it relied on an opinion in writing from the Administrator of the Wage and Hour Division." Morrison, 434 F.Supp.2d at 1320.  The affirmative defense is stricken insofar as it fails to allege any facts tending to support an estoppel defense.  Leave to amend is granted.

Similarly, "waiver" is only an appropriate affirmative defense in an FLSA action in which (1) the employee has received payment of unpaid wages under the supervision of the Secretary of Labor, or (2) the employee accepts payment pursuant to a court-approved settlement.  Id.  The

4

affirmative defense is stricken insofar as it fails to allege any facts tending to support the waiver defense. Leave to amend is granted.

**4.      SFD's and Sousa's Seventh Affirmative Defense**

Defendants' Seventh affirmative defense states: "Defendant asserts upon information and belief that all actions taken by Defendant were performed in good faith and based upon reasonable grounds, wherein Defendant believed the practices to be in full compliance with all applicable laws. Plaintiffs are not entitled to liquidated damages under the applicable law." (Ans. ¶ 61.)

Defendants assert a blanket conclusion that they performed in good faith and upon reasonable grounds without identifying what was relied upon or the practices believed to be in compliance with the FLSA. In Morrison, 434 F.Supp.2d at 1321, the court found a similar affirmative defense insufficient. That defense stated: "Plaintiff is not entitled to liquidated damages because Defendants did not wilfully or otherwise violate the law; and, if any violation is established, Defendants had a good faith belief that they were in compliance with the law." Morrison struck the defense: "[i]t is not entirely apparent [what] Defendants are attempting to assert...[since they] failed to allege any facts whatsoever to support this defense." Id.

Defendants have similarly failed to plead any facts to support this affirmative defense. Accordingly, this defense is stricken with leave to amend.

**5.      SFD's Twentieth Affirmative Defense / Sousa's Nineteenth Affirmative Defense**

This defense states: "Defendant asserts that Plaintiffs have asserted claims that Plaintiffs know are false. Defendant is entitled to attorneys' fees and costs and other appropriate

sanctions." (Ans. ¶ 74.)

The affirmative defense that Plaintiffs asserted knowingly false claims is scandalous and is asserted without any basis in fact or law. Defendants further fail to identify the basis for their alleged entitlement to attorneys' fees and what are "other appropriate sanctions." This affirmative defense is stricken with leave to amend.

6. **SFD's Twenty-Seventh Affirmative Defense / Sousa's Twenty-Sixth Affirmative Defense**

This defense states: "Plaintiff has failed to exhaust federal, state, and local remedies before bringing this action." (Ans. ¶ 81.)

The asserted affirmative defense appears to indicate that Plaintiffs were required to exhaust administrative remedies with regard to one, or both, of their claims, but fails to specify which claims the defense addresses or what remedies Plaintiffs were to have exhausted. This defense is stricken with leave to amend.

7. **SFD's Twenty-Eighth Affirmative Defense / Sousa's Twenty-Seventh Affirmative Defense**

This defense states: "Plaintiffs were exempt employees under the FLSA." (Ans. ¶ 82.)

"A claim of exemption under the FLSA is an affirmative defense that, pursuant to Fed.R.Civ.P. 8(c), must be specifically pleaded or it will be deemed waived." Morrison, 434 F.Supp.2d at 1318-19. Where a defendant pleads generally that a plaintiff is not covered under the FLSA, but fails to identify the specific FLSA exemptions that it contends are applicable, the affirmative defense must be stricken. Id. at 1319. Here, Defendants have failed to identify the allegedly applicable FLSA exemptions. This defense is stricken with leave to amend. It is

6

hereby

ORDERED AND ADJUDGED that Plaintiffs' Motion to Strike Affirmative Defenses of SFD, filed October 28, 2009 **[DE 16]**, and Plaintiffs' Motion to Strike Affirmative Defenses of Sousa, filed October 28, 2009 **[DE 17]**, are GRANTED.  The affirmative defenses that are the subject of these motions are STRICKEN.  Defendants shall have twenty (20) days from the date of this Order to file amended answers containing amended affirmative defenses.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 21st day of January, 2010.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE